WILLIAM JOHNSON *versus* SAMUEL BICKNELL & *al.*

Where the father of a minor son, with his assent, although not so expressed in the agreement, transferred his services to the plaintiff for the term of three years, for a consideration paid wholly to the father, and while the minor was *de facto* the servant of the plaintiff, he performed labor and services for the defendants, at their request, and where neither the father nor the minor son set up any claim to compensation therefor, *it was held*, that the plaintiff might recover of the defendants the value of such labor and services.

EXCEPTIONS from the Middle District Court, REDINGTON J. presiding.

Assumpsit to recover the sum of $22,50, alleged to be due to him for the labor and services of his servant, Samuel Johnson, performed for the defendants, and at their request.

To show that he was entitled to the services of Samuel Johnson, the plaintiff introduced in evidence a paper of this tenor. "Bloomfield, Nov. 30, 1839. Memorandum of an agreement made this day, John Johnson on one part, and William Johnson on the other. Know all men by these presents, that I, John Johnson, in consideration of one hundred dollars to be paid me by William Johnson, agree to sell to said William Johnson the remainder of my son, Samuel Johnson's time, until the said Samuel is one and twenty years of age, it being three years and two months, the said William Johnson to have the whole control of the said Samuel, until he, the said Samuel, becomes of lawful age to act for himself. The said William agrees to furnish the said Samuel with all necessary clothing without any expense to said John Johnson. Received payment by note for the above hundred dollars. John Johnson."

The District Judge ruled that the plaintiff could not maintain the action. The plaintiff then offered to prove, that the agreement was made by the said John and William Johnson at the request of the said Samuel, and that said Samuel assented to it at the time the agreement was made, and has ever since continued to give his assent to it. The defendants objected to the admission of this evidence, and the Judge refused to receive it. The plaintiff was nonsuited, and then filed exceptions to the ruling of the Judge.

*Leavitt*, for the plaintiff, cited and relied on the case *Day* v. *Everett*, 7 Mass. R. 145, as directly in point.

*J. S. Abbott*, for the defendant, conceded that the case cited for the plaintiff was in point, but contended, that it was not good law.

It is not true, that the father has a right to the son's time, while a minor, without performing the corresponding duties. He has no legal right to sell his son's time. 13 Maine R. 151; 8 Johns. R. 328; 1 Mason, 78, 85. The paper does not disclose the consent of the son, and the contract is therefore void. 6 Greenl. 465.

The opinion of the Court was by

WHITMAN C. J. — This is an action brought by the plaintiff to recover pay for the services of one Samuel Johnson, a minor, who had been placed at service by his father with the plaintiff. The defendants contend, that the plaintiff has no right to recover, upon the ground that the father of Samuel had no right to put him to service for the three last years of his minority, reserving to himself a stipulated compensation therefor. Samuel was *de facto* the servant of the plaintiff at the time the service was performed for the defendants. The service was performed at their request. It does not appear, that the father or Samuel laid any claim to compensation for the services; or that the defendants had paid or claimed a right, or pretended a liability to pay any one else therefor. What possible concern can they have with the nature or efficacy or inefficacy of the contract between the father and the plaintiff. There can be no pretence, that if the defendants pay the plaintiff, they will be answerable again for the amount, either to the father or to the son. In the first place, it does not appear that either makes any such claim, and secondly, if they should do so the contract with the father by the plaintiff, would be an estoppel.

*Exceptions sustained and new trial granted.*